IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPHINE A. CASADOS, individually, as
Personal Representative of the Estate of Mark A.
Casados, Deceased, and as Mother and Next Friend
of Brandon A. Casados, a minor and Nathan A.
Lopez, a minor; and MARLA JAN PETTINGILL,

      Plaintiffs,

   -vs-                                                                                                        No. CIV 96-1438 LH/RLP

UNITED PARCEL SERVICE, an Ohio
Corporation, SAL ROJAS, CALVIN IVEY, and
SANDRA MARTINEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes on for consideration of Plaintiffs' Motion to Determine Costs Associated with Removal (Docket No. 32), filed April 10, 1997. The Court, having reviewed the Motion, its accompanying memoranda, and the applicable law and otherwise being fully informed, finds that the Motion is not well taken and will be **denied**.

Plaintiffs originally brought suit for personal injuries and wrongful death in the First Judicial District Court of the State of New Mexico. Defendants United Parcel Service, Rojas, and Ivey removed the case to federal district court pursuant to 28 U.S.C. § 1441, contending that the state law claims of prima facie tort and intentional infliction of emotional distress were preempted by the Labor Management Relations Act, 29 U.S.C. §§ 185, *et seq.*, and the National Labor Relations Act, 29 U.S.C. §§ 151, *et seq.* As the Court noted in its Memorandum Opinion and Order of March 31,

1997, Plaintiffs "heartily disagree[d]" that the claims were preempted. (Memo. Op. and Order at 2 n.2.) The Court remanded the case on a separate procedural issue, however, and made "no ruling on the preemption question raised by the parties." *Id.* The Court also awarded Plaintiffs "just costs and actual expenses, including attorneys' fees incurred as a result of the removal by Defendants of this case," pursuant to 28 U.S.C. § 1447(c). (*Id.* at 10.) The parties do not agree on the appropriate amount of the award: Plaintiffs seek $23,949.19 and Defendants contend that Plaintiffs should receive no more than $6,000.00.

As amended in 1988, 28 U.S.C. § 1447(c) provides in pertinent part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994)(noting amendment deleted requirement that case be removed improvidently and authorized award of attorneys fees). Such an award is "discretionary with the court," and bad faith need not be shown. *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997)(citing *Daleske*, 17 F.3d at 324-25). The "propriety of the defendant's removal continues to be central in determining whether to impose fees," however, *Daleske*, 17 F.3d at 324 (quoting *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993)), and "a showing that the removal was improper *ab initio*" is required. *Suder*, 116 F.3d at 1352. Factors that the Court should consider include "the strength of any argument in support of the propriety of removal and the complexity of the issue." *Rice v. Mayflower Transit, Inc.*, No. 95 C 0846, 1995 WL 347957, at *1 (N.D. Ill. June 8, 1995)(citing *Daleske*, 17 F.3d at 324; *Miranti*, 3 F.3d at 928; *Katonah v. USAir, Inc.*, 876 F. Supp. 984, 990 (N.D. Ill. 1995)); *see also Newton v. Tavani*, 962 F. Supp. 45, 48 (D.N.J. 1997)(award not warranted in case raising difficult legal issues involving complex statutory provisions); *Clegg v.*

*Powers*, No. CIV.A. 97-0006-H, 1997 WL 672641, at *6 (W.D. Va. Oct. 22, 1997)(complexity or unsettled nature of law are considerations in award).

As with the decision whether to make an award, so too the fashioning of an appropriate award lies within the sound discretion of the Court. *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992)(28 U.S.C. § 1447(c) affords district courts great discretion and flexibility in fashioning awards of costs and fees). Thus, the Court "may award none, some, or all of the fees incurred by the remanding party." *Moore v. Kaiser Found. Hosps., Inc.*, 765 F. Supp.1464, 1466 (N.D. Cal. 1991); *see also Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997)(court has discretion to determine "what amount of costs and fees, if any, to award"); *Chavez v. Executive Life Ins. Co.*, No. CIV-94-411 SC/DJS, slip op. at 2-3 (D.N.M. June 30, 1995)("amount of any such award is within the court's discretion"). The purpose of an award is remedial, not to punish a defendant but to compensate a Plaintiff for abuses in the use of the removal procedure. *Shrader v. Legg Mason Wood Walker, Inc.*, 880 F. Supp 366, 368 (E.D. Pa. 1995). The expenses that the Court may award also are limited to those "incurred in federal court that would not have been incurred had the case remained in state court[;] the ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred 'as a result of the removal.'" *Avitts*, 111 F.3d at 32.

As recounted above, this Court made no ruling whatsoever on the propriety of Defendants' removal of this case on grounds of preemption. Rather, the Court remanded solely on the basis of a procedural defect in removal--Defendants' failure to attach copies of the Summonses, Demand for Jury Trial, and the returns of service to the Notice of Removal, in violation of 28 U.S.C. § 1446(a). (Memo. Op. Order at 1-2 & n.2.) Thus, the Court did not and will not determine whether Defendants'

3

jurisdictional basis for removal was ill founded and whether Plaintiffs would have succeeded on their Motion to Remand on the ground of lack of subject matter jurisdiction. The Court similarly declined to address and rule on Defendants' Motion to Dismiss, which also was based on the preemption argument. That Motion was filed in this Court concurrently with the removal of the case and was subsequently disposed of by the state court on remand.

Upon review of the record it is clearly evident that the amount of expenses and fees requested by Plaintiffs is excessive under the circumstances of this case. As the Court noted in its Order remanding this matter, preemption as the basis of removal was vigorously contested in the briefing of the Motion to Remand. Indeed, Plaintiffs devoted the bulk of their argument for remand to that issue, with discussion of the procedural defect on removal requiring less than two pages of their twenty-two page Memorandum of Law in Support of Plaintiffs' Motion for Remand.

Additionally, there is considerable overlap in Plaintiffs' presentations on preemption in their Response to Defendants' Motion to Dismiss and in their support for the Motion for Remand. Plaintiffs acknowledge this reality in their memoranda: "There is substantial overlap in the legal and factual issues raised by the removal/remand proceedings, [sic] and the motion to dismiss." (Pls.' Resp. Defs.' Mot. Dismiss at 2.) "Plaintiffs' Motion for Remand implicates many of the same legal and factual issues raised in Defendants' pending motion to dismiss." (Memo. Law Supp. Pls.' Mot. Remand at 1.) In fact, Plaintiffs cross-referenced their preemption argument in their briefs:

> Plaintiffs will in the course of this Response often refer the Court to applicable portions of their Memorandum of Law in Support of Plaintiffs' Motion for Remand where the issues overlap. . . . Plaintiffs refer the court to Point II(B) of their Memorandum in Support of the Motion for Remand [pp. 6-14] for an explanation of the law regarding preemption under §301 of the LMRA and incorporate that pleading by reference.

(Pls.' Resp. Defs.' Mot Dismiss at 3, 5.) Using this procedure, they found it necessary to devote little more than one page of their response to the Motion to Dismiss to federal preemption doctrine. (*See id.* at 5-6.)   Furthermore, significant portions of Plaintiffs' briefs on the two Motions are similar, some even identical, as to the substance of the argument, citation, and actual language used.

The Court, therefore, finds it fair and equitable to award Plaintiffs only those costs and expenses incurred on the issue of the procedural defect to removal.  Unfortunately, the Court cannot determine this amount by examination of the time and expense records submitted by Plaintiffs in support of their Motion to Determine Costs Associated with Removal.  After careful and full consideration of all of the circumstances of this case, then, the Court finds that reasonable costs and expenses, including attorney fees, to be awarded as the result of removal will be ten percent of the amount requested by Plaintiffs.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Determine Costs Associated with Removal (Docket No. 32), filed April 10, 1997, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded costs and expenses in the amount of **$2,394.92**.

_____
UNITED STATES DISTRICT JUDGE